UNITED STATES BANKRUPTCY COURT
DISTRICT OF VERMONT

**In Re:**
    JAMES L. ZUTELL,
              **Debtor**

                           Case Number 14-10465 cab

                           Chapter: 7

**CYNTHIA ISLEIB and CAROL AINES,**

                **Plaintiffs**
                    **v.**              **Adversary Proceeding**

                           **No.: 14-01012 cab**

**JAMES L. ZUTELL,**
                **Defendant**

**Defendant's Objection to Plaintiffs' Motion to Compel**

     Now comes the Defendant, James L. Zutell, by his attorney, Paul S. Kulig, Esq., and objects to the Plaintiffs' Motion to Compel as follows:

1.     As the heading says, the Plaintiffs' First Set of Post Judgment Interrogatories and Requests to Produce are post judgment in nature, thus they are not reasonably calculated to lead to the discovery of admissible evidence on the issues in this adversary proceeding.

2.     The Interrogatories in essence cover the same issues and questions covered by the Defendant's Schedules and Statement of Affairs that accompanied his Petition, which are signed under oath already and on which the Defendant was questioned at his Meeting of Creditors in his case. They are unreasonably duplicative and objectionable on that basis.

3.     Likewise, the Requests to Produce are post judgment in nature and not reasonably calculated to lead to the discovery of admissible evidence on the issues in this adversary proceeding.

4. Furthermore, they are unreasonably duplicative of items already covered by the Schedules accompanying the Petition or documents already produced to the Trustee or to the Plaintiffs' attorney in the Defendant's Initial Disclosure of Feb. 27, 2015.
5. Furthermore, the Plaintiff agreed, without waiving his objection, to produce copies of all of the documents he produced for the Trustee, including copies of his bank records, tax returns and documentation on the purchase of the two Mahindra tractors.

Inasmuch as the discovery requests are not reasonably calculated to lead to admissible evidence and appear to be nothing more than a continuance of the efforts of the Plaintiffs to collect on a judgment and interfere with the Plaintiffs business, they are objectionable and the Motion should be denied.

Dated August 5, 2015.

/S/ Paul S. Kulig, Esq.
Defendant's Attorney
PO Box 518
Rutland, VT 05702