**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF VERMONT**

Filed & Entered
On Docket
August 13, 2015

**In re:**

    **James Zutell,**                                                  Chapter 7 Case
            **Debtor.**                                                 # 14-10465

**Cynthia Isleib and Carol Aines,**
       **Plaintiffs,**                                        Adversary Proceeding
       v.                                                    # 14-1012
**James Zutell,**
       **Defendant.**

### ORDER
### DENYING MOTION TO COMPEL

        On November 7, 2014, the Plaintiffs filed a complaint (doc. # 1) to commence this adversary, in which they seek a judgment declaring the debt the Defendant owes to them (based upon a state court judgment) to be excepted from discharge under 11 U.S.C. § 523(a)(6) and denying the Defendant's exemption in certain tools and equipment, or, alternatively, dismissing the Defendant's chapter 7 case as a bad faith filing, pursuant to 11 U.S.C. § 707(a)(1).  On December 29, 2014, the Defendant filed an answer (doc. # 6). Since that time there have extensions of time sought and granted, in connection with discovery and other pre-trial matters. On July 8, 2015, the Plaintiffs filed a motion (doc. # 21) to compel the Defendant to answer the interrogatories they had served, and produce the documents the Plaintiffs had requested therein. The Defendant timely filed an objection to that motion (doc. # 28).  The matter is set for hearing on August 14th. However, in light of the narrowness of the issue raised, the Court finds no hearing is necessary.

        The gist of the dispute is whether the Defendant should be required to answer questions relating to his assets in this proceeding which focuses on the nature of the debt he owes to the Plaintiffs, whether certain personal property qualifies as exempt, and whether the Defendant filed his bankruptcy case in good faith.  The interrogatories in question ask the Defendant to disclose details with respect to (1) his bank accounts, (2) accounts receivable, (3) cars and trucks, (4) other motor vehicles, (5) stocks and

1

bonds, (6) other miscellaneous personal property, (7) sources of income, (8) sales or transfers of property, (9) employees, and (10) documents relating to any of the above.[i]

The rule governing interrogatories of parties in adversary proceedings is Bankruptcy Rule 7033, which incorporates Federal Rule of Civil Procedure 33.  Rule 33(b) states "An interrogatory may relate to any matter that may be inquired into under Rule 26(b)."

> (b) Discovery Scope and Limits.
>
> (1) *Scope in General.* Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit.  Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed. R. Civ. P. 26(b)(1) (2015).

The Defendant asserts that the interrogatories and requests to produce are aimed solely at enforcement of the state court judgment, duplicative of information in the Defendant's bankruptcy schedules and/or documents available through the case trustee, and do not address the merits, or facts relevant to, the complaint in this proceeding. The Court agrees.  If and when the Plaintiffs claim against the Defendant is excepted from discharge, they may seek information pertinent to enforcement of that claim.  At this time, however, discovery is properly limited to facts and information bearing on the Plaintiffs' right to the relief sought in their complaint.

Therefore, IT IS HEREBY ORDERED that the Defendant's objection to the motion to compel is sustained and the motion to compel is denied.

SO ORDERED.

August 13, 2015
Burlington, Vermont

_____
Colleen A. Brown
United States Bankruptcy Judge

---

[i] These items are set out here in the same order, and with the same numerical listing, as they appear in the interrogatories.